## MILLER *et al. vs.* MORSE *et al.*

Complainants were sued in a court of law and judgment was rendered against them; a new trial was denied, and execution issued. Bill filed to restrain the sale of property on the execution and judgment set aside. *Held*, That the case was probably one in which all the claims of complainants have been urged in a court of law, and as no showing was made here that any stronger case could be made again, no ground for the interference of a court of equity existed.

Appeal from Kent Circuit.

*Opinion by* COOLEY, J.—Complainants set out a contract between themselves and the defendants, Morse and another, for the delivery by the latter to the former of a quantity of stone; aver that delay occurred on the part of Morse and Brooks to perform, and that on April 10, 1868, they requested complainants to consent to an abandonment of the contract, which consent was given, and the same was cancelled and abandoned practically, though the paper writings were not destroyed — That notwithstanding such arrangement, Morse and Brooks, combining and confederating with one Sholes, in June, 1868 brought action on the contract against complainants, in the Circuit Court for the county of Kent, for pretended damages resulting from a pretended breach of it.  That the case came to

trial, and the defendants wickedly and falsely swore that the contract had never been abandoned. That the plaintiffs recovered judgment for $7.57 69 and costs, upon which an execution was issued and handed to the Sheriff, who has levied upon complainant's property. That a new trial has been applied for and refused, so that the complainants have now no relief except in a court of equity. They prayed for an injunction to restrain the selling of their property under the execution that the judgment might be set aside, and for the usual other relief. Defendants put in a general demurrer and the bill was dismissed.

*Held*, That the bill was properly dismissed. It did not appear from the record that complainants were present when defendant testified that the contract was still in force, or that they have taken any measures to show that it was cancelled, though they must have been apprised of the claim that it was of validity. The case was probably one in which all the claims of complainants have been urged in a court of law, and as no showing was made here that any stronger case could be made again, no ground for the interference of a court of equity existed.

Decree affirmed.